# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BENSON,

    Petitioner,

v.

RONNIE HOLT,

    Respondent.

NO. 3:08-CV-1860

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Petitioner Stephen Benson filed a Petition for Writ of Habeas Corpus (Doc. 1) on October 9, 2008, naming as Respondent Ronnie Holt, warden of the United States Penitentiary-Canaan (USP Canaan). In his Petition, Respondent alleges that USP Canaan has employed threats and punishment to collect restitution and fine payments from him in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. With his Petition, Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 2.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing IFP petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act,

Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

Petitioner has completed the IFP application, and has properly provided certification of his prisoner account balance. (Doc. 2.) According to his application, he is employed at USP Canaan and receives about twenty-four dollars ($24) per month in compensation, as well as occasional gifts of about twenty-five dollars ($25) from a family member. He also pays twenty-five dollars ($25) quarterly for a Financial Responsibility Program. Assuming this to be an accurate depiction of Mr. Benson's complete financial situation, he has made an adequate showing of poverty. *See Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

However, Petitioner's motion fails the second step of IFP review. He fails to state a claim on which relief may be granted because he does not state cognizable habeas claim. The essential purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge the legality of that custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Cognizable claims under habeas review include challenges to the validity of a petitioner's conviction or fact or length of the sentence. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (such claims constitute the "core of habeas"). Under § 2241, a petitioner may also challenge the "execution" of his sentence, meaning how it is "put into effect" or "carried out." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243- 44 (3d Cir. 2005) (allowing habeas challenge under § 2241 to prison's refusal to transfer inmate to halfway house). Petitioner, in contrast, challenges practices of debt collection in his place of incarceration. He does not bring a claim that will impact on his sentence,

custody, or undo his conviction, rendering a habeas action inappropriate in this case. Because Plaintiff fails to state a claim for habeas relief, his motion to proceed IFP must be denied and his case dismissed. *See* 28 U.C.S. §1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted").  He may file a separate civil complaint and IFP application if he wishes to pursue his claim under the Fair Debt Collection Practices Act.

**NOW**, this   22nd   day of October, 2008, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

(2)     The case is **DISMISSED** without prejudice.

(3)     The Clerk of the Court shall mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge